RECEIVED
IN LAKE CHARLES, LA.

APR 05 2013

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEITH BRASHEAR** | : | DOCKET NO. 2:11-CV-2224 |
| VS. | : | JUDGE MINALDI |
| **AETNA LIFE INSURANCE POLICY** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment [Doc. 19], filed by the defendant, Aetna Life Insurance Company ("Aetna"). The plaintiff, Keith Brashear, timely filed a response [Doc. 24], and Aetna then filed a reply [Doc. 25]. As the motion is fully briefed, the undersigned finds that it is ripe for consideration. For the foregoing reasons, Aetna's Motion for Summary Judgment is GRANTED.

## BACKGROUND

This case arises out of a denial of permanent and total disability ("PTD") benefits to the plaintiff, Keith Brashear. Brashear seeks recovery of benefits and an award of attorney's fees under ERISA, 29 U.S.C. §1001, *et seq.* Brashear originally filed this case on December 12, 2011, in the Fourteenth Judicial Court of Calcasieu Parish, before Aetna timely removed to this court.[1]

Brashear is a former Operator with the Switch Crew at Lyndell Bassell in Lake Charles, Louisiana. As part of his employment, he paid into a group disability plan with Aetna ("the plan"). In order to receive disability benefits, the plan requires a showing of PTD from working

---

[1] Not. of Removal, [Doc. 1].

at the policy holder's own job or "any other job for pay or profit" for the rest of the policy holder's life. The PTD must have lasted for at least six months.

Brashear's last day of work at Lyndell Bassell was December 22, 2008. In 2009, he submitted a claim for PTD benefits, claiming disability relating to his shoulder, knees, back, arthritis, and multiple orthopedic conditions. On May 3, 2010, Aetna notified Brashear that the evidence did not support a finding of PTD under the policy. The letter notified Brashear that he had to submit an appeal to the decision with any additional evidence within 180 days of the date of denial (by October 30, 2010).

Brashear made a request for the claim file on June 29, 2010, and Aetna sent him the file on July 27, 2010. Brashear alleges that while he requested the "entire file," Aetna failed to provide him with all the medical documents on which Aetna relied in making its decision. He notes that it was not until March 25, 2011 that Aetna forwarded him the entire file, well after the 180 day deadline. Brashear then filed his appeal on November 7, 2011, including as new evidence an office note from August 10, 2010. On November 15, 2011, Aetna upheld its decision to deny the claim, noting that the appeal was untimely, but that, even if it had been timely, he had failed to submit "objective medical documentation that would enable Aetna to reconsider the claim for [PTD] benefits." Brashear then filed this lawsuit on November 22, 2011.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion by identifying portions

of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the dispositive issue is one that the nonmoving party bears the burden of proof at trial, the moving party may satisfy its burden by merely identifying evidence in the record that negates an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Id*

## LAW & ANALYSIS

Aetna argues that Brashear's case should be dismissed because he failed to timely appeal the denial of benefits decision. ERISA authorizes claimants to, among other things, bring a claim for recovery of benefits to which the participant is entitled under the plan. 28 U.S.C. § 1132(a)(1)(B). A claimant must first exhaust administrative remedies, however. *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir.2000). "The policies behind the exhaustion requirement include upholding Congress's desire that ERISA trustees and not the federal courts be responsible for the actions of plan administrators, providing a clear record of administrative action if litigation ensues, and allowing judicial review of fiduciary action or inaction under the abuse of discretion standard, where applicable, rather than de novo." *Bourgeois*, 215 F.3d at 479 n.4. In the Fifth Circuit, a claimant's failure to timely

appeal within the plan's time window may necessitate dismissal, unless the failure was due to the claimant's "harmless, technical error" or else the plan administrators affirmatively misled the claimant, effectively extinguishing his time appeal. *Holmes v. Proctor and Gamble Disability Plan*, 228 Fed. App'x. 377, 379 (5th Cir. 2007); *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1019 (5th Cir. 2009).

In this instance, Aetna denied Brashear's claim on May 2, 2010. He had 180 days – until October 30, 2010 – to submit an appeal. He did not submit an appeal until November 7, 2011. Brashear argues that the delay is attributable to Aetna's failure to send the entire claim file to him within a timely manner, as he only received a partial file on June 29, 2010, and received the entire file on March 25, 2011. Even if the undersigned assumed, however, that the clock did not begin to run until the date he received the entire file (March 25, 2011), Brashear offers no reason why he did not file his appeal until *227 days later*, on November 7, 2011.

Additionally, as pointed out by Aetna, while Brashear argues in a footnote in his opposition memorandum that he did not instead file a reapplication for PTD benefits because "information from the Plan discouraged reapplication, but instead encouraged being dragged through the appeals process," there is no evidence showing whether and to what extent Aetna misled him. Absent a citation to the record or further elaboration, the undersigned has no evidence on which to ascertain whether this accusation is correct. Accordingly,

**IT IS ORDERED** that Aetna's Motion for Summary Judgment is **GRANTED** based on Brashear's failure to timely appeal Aetna's decision denying PTD benefits.[2]

---

[2] As the undersigned has found that Brashear failed to exhaust administrative remedies by timely appealing Aetna's decision, the court will not address at this time the parties' arguments on whether the plan administrator's decision to deny benefits was arbitrary and capricious.

4


Lake Charles, Louisiana, this ____ day of _____April_____ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE